IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 8:18-cv-536 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CLAUDE HIDY and | ) |
| ROSEMARIE HIDY, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT**

Plaintiff, the United States of America, for its complaint against the defendants, alleges as follows:

1. This action is brought to collect outstanding civil penalties (31 U.S.C. § 5314(a)(5)), commonly known as "FBAR penalties," plus interest, penalties for late payment, and fees under 31 U.S.C. § 3717(a) and (e), which were assessed and accrued against Claude Hidy and Rosemarie Hidy for their non-willful failure to timely report their financial interest, and/or their signatory or other authority over, in foreign bank accounts for the 2009, 2010, 2011, 2012, and 2013 calendar years as required by 31 U.S.C. § 5314 and its implementing regulations.

**Jurisdiction and Venue**

2. A delegate of the Secretary of the Treasury of the United States referred this case to the Department of Justice in accordance with 31 U.S.C. § 3711(g)(4)(C). This action is brought at the direction of the Attorney General of the United States.

3. The Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, and 1355 because it arises under a federal statute, the United States is the plaintiff, and the action seeks recovery or enforcement of a civil penalty under 31 U.S.C. § 5314.

4. Venue is proper in this district under 28 U.S.C. §§ 1391(b)(1), (c)(1), and 1395(a) because the Hidys reside in Stratton, Nebraska.

## Obligation to Report Interest in Foreign Accounts

5. Federal law requires every resident or citizen of the United States who has "a financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country" to report that relationship to the Department of the Treasury annually. 31 U.S.C. § 5314(a); 31 C.F.R. § 103.24 (1987); 31 C.F.R. § 1010.350(a) (2011).

6. To fulfill this requirement, a United States resident or citizen must file a "Report of Foreign Bank and Financial Accounts," commonly known as an "FBAR" with the Department of the Treasury. 31 C.F.R. § 103.24 (1987); 31 C.F.R. § 1010.350(a) (2011). To report information for all years through 2012, the proper form for the FBAR was Form TD F 90-22.1. To report information for 2013, the proper form for the FBAR was FinCEN Form 114.

7. At the time of the violations alleged in this complaint, an FBAR was due by June 30 "of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year." 31 C.F.R. § 103.27(c) (1989); 31 C.F.R. § 1010.306(c) (2011).

8. Any United States resident or citizen who fails to report his or her interest in a foreign account may be subject to a civil penalty assessed by the Department of the Treasury. For violations involving the non-willful failure to report the existence of a foreign account, the

maximum civil penalty that may be imposed for each violation is $10,000. 31 U.S.C. § 5321(a)(5).

## Defendants

9. Defendant Claude Hidy is a person who failed to report his interest in a foreign account and is subject to the jurisdiction of this Court.

10. Defendant Rosemarie Hidy is a person who failed to report her interest in a foreign account and is subject to the jurisdiction of this Court.

### The Hidys' Failure to Report Interests in Foreign Accounts

11. At all times relevant here, Claude Hidy was a U.S. citizen.

12. At all times relevant here, Rosemarie Hidy was a U.S. citizen.

13. Claude and Rosemarie Hidy each had a financial interest in, and signatory or other authority over, bank or other financial accounts in foreign countries at the following banks in the following years:

| Bank | Account Number | Years |
| --- | --- | --- |
| HSBC | X5738 | 2010, 2011, 2012, 2013 |
| HSBC | X5711 | 2010, 2011, 2012, 2013 |
| Irish Nationwide Ltd.[1] | X5068 | 2009, 2010, 2011, 2012, 2013 |
| Lloyds TSB | X8501 | 2009, 2010, 2011, 2012, 2013 |
| Nationwide International Ltd | X5895 | 2009, 2010, 2011, 2012, 2013 |
| Scarborough Channel Islands Ltd.[2] | X0047 | 2009, 2010, 2011, 2012, 2013 |

---

[1] For 2012 and later, Irish Nationwide, Ltd., was known as Permanent Bank International.
[2] For 2010 and later, Scarborough Channel Islands Ltd. was known as Skipton International Ltd.

| Bank | Account Number | Years |
|---|---|---|
| Yorkshire Guernsey | X9810 | 2009, 2010, 2011 |
| Yorkshire Guernsey | X4185[3] | 2009, 2010, 2011 |

14. The maximum account value of the foreign accounts referenced in paragraph 13, during each of the years referenced in paragraph 13 exceeded $10,000, with the exception of HSBC Account X5711, which had a maximum account value below $10,000 in 2013.

15. Claude Hidy also had a financial interest in, and signatory or other authority over, bank or other financial accounts in foreign countries at the following banks in the following years:

| Bank | Account Number | Year(s) |
|---|---|---|
| Halifax | X8096 | 2009, 2010, 2011, 2012, 2013 |
| Kaupthing Singer & Friedlander | X2896 | 2009 |

16. The maximum account value of the foreign accounts referenced in paragraph 15, during each of the years referenced in paragraph 15 exceeded $10,000.

17. Claude and Rosemarie Hidy were both required to file an FBAR for the 2009, 2010, 2011, 2012, and 2013 calendar years reporting their respective interests in financial accounts in foreign countries by June 30th of the following year.

18. Claude and Rosemarie Hidy failed to timely file an FBAR for the 2009, 2010, 2011, 2012, and 2013 calendar years. They did not otherwise timely disclose their financial accounts in foreign countries to the Department of the Treasury.

---

[3] For 2010 and 2011, this account was renumbered as X6410.

19. The Hidys filed joint federal income tax returns with the IRS for the 2009 to 2013 tax years.

20. On each of their 2009 through 2013 federal income tax returns, the Hidys indicated "no" to the prompt on their Schedule B which asked whether they had any interest in or authority over a financial account in a foreign country.

21. The Hidys' foreign accounts generated income. They did not report the income they realized from their foreign accounts on their original 2009, 2010, 2011, 2012, and 2013 federal income tax returns.

22. The Hidys subsequently admitted to the IRS that they had unreported foreign financial accounts.

23. In 2015, after they were due, the Hidys filed FBARs for 2009, 2010, 2011, 2012 and 2013.

24. In December 2016, the Hidys consented, in writing, to extend the statute of limitations for assessing the FBAR penalties for 2009 until June 30, 2017.

### COUNT I: Judgment against Claude Hidy for Civil Penalties Pursuant to 31 U.S.C. § 5321(a)(5)

25. The United States incorporates the allegations in paragraphs 1 through 24 above.

26. On December 15, 2016, a delegate of the Secretary of the Treasury assessed $112,543 in civil FBAR penalties against Claude Hidy, pursuant to 31 U.S.C. § 5321(a)(5), for failing to report his interest in financial accounts in foreign countries for calendar years 2009 through 2013. The penalties assessed against Claude Hidy are comprised as follows:

| Calendar Year | Total FBAR Penalty Amount |
|---|---|
| 2009 | $22,604 |
| 2010 | $24,030 |

| Calendar Year | Total FBAR Penalty Amount |
|---|---|
| 2011 | $24,114 |
| 2012 | $21,321 |
| 2013 | $20,474 |
| **Total** | **$112,543** |

27. Pursuant to 31 U.S.C. § 5321(a)(5)(B), the individual penalties assessed against Claude Hidy for each violation did not exceed $10,000 per violation of 31 U.S.C. § 5314.

28. The IRS gave notice of the FBAR penalty assessments to Claude Hidy and demanded payment.

29. Despite notice and demand for payment, Claude Hidy has failed to pay the civil FBAR penalties assessed against him in full.

30. Pursuant to 31 U.S.C. § 3717(a)(1), the United States is entitled to recover prejudgment interest accrued on Claude Hidy's unpaid FBAR penalties.

31. Pursuant to 31 U.S.C. § 3717(e)(2), the United States is entitled to recover a penalty for Claude Hidy's failure to pay the FBAR penalties assessed, a lawful debt owed to the United States.

32. Pursuant to 31 U.S.C. § 3717(e)(1), the United States is entitled to recover charges assessed against Claude Hidy to cover collection-related costs of processing and handling his unpaid FBAR penalties.

33. As of October 3, 2018, Claude Hidy is liable to the United States for $125,309.06 for the FBAR penalties, plus interest, penalties for late payment, and costs of collection under 31 U.S.C. § 3717(a) and (e), and other additional amounts that have accrued, and will continue to accrue as provided by law.

## COUNT II: Judgment against Rosemarie Hidy for
## Civil Penalties Pursuant to 31 U.S.C. § 5321(a)(5)

34. The United States incorporates the allegations in paragraphs 1 through 24 above.

35. On December 15, 2016, a delegate of the Secretary of the Treasury assessed $50,000 in civil penalties against Rosemarie Hidy, pursuant to 31 U.S.C. § 5321(a)(5), for failing to report her interest in financial accounts in foreign countries for calendar years 2009 through 2013. The penalty assessed against Rosemarie Hidy is comprised as follows:

| Calendar Year | Total Penalty Amount |
|---|---|
| 2009 | $10,000 |
| 2010 | $10,000 |
| 2011 | $10,000 |
| 2012 | $10,000 |
| 2013 | $10,000 |
| **Total** | **$50,000** |

36. Pursuant to 31 U.S.C. § 5321(a)(5)(B), the individual penalties assessed against Rosemarie Hidy for each violation did not exceed $10,000 per violation of 31 U.S.C. § 5314.

37. The IRS gave notice of the FBAR penalty assessments to Rosemarie Hidy and demanded payment.

38. Despite notice and demand for payment, Rosemarie Hidy has failed to pay the civil FBAR penalties assessed against him in full.

39. Pursuant to 31 U.S.C. § 3717(a)(1), the United States is entitled to recover prejudgment interest accrued on Rosemarie Hidy's unpaid FBAR penalties.

40. Pursuant to 31 U.S.C. § 3717(e)(2), the United States is entitled to recover a penalty for Rosemarie Hidy's failure to pay the FBAR penalties assessed, a lawful debt owed to the United States.

41. Pursuant to 31 U.S.C. § 3717(e)(1), the United States is entitled to recover charges assessed against Rosemarie Hidy to cover collection-related costs of processing and handling his unpaid FBAR penalties.

42. As of October 3, 2018, Rosemarie Hidy is liable to the United States for $56,300.01 for the FBAR penalties, plus interest, penalties for late payment, and costs of collection under 31 U.S.C. § 3717(a) and (e), and other additional amounts that have accrued, and will continue to accrue as provided by law.

WHEREFORE, the United States of America requests that the Court:

A. Enter judgment on Count I of this Complaint against Claude Hidy and in favor of the United States in the amount of $125,309.06 as of October 3, 2018 for penalties assessed under 31 U.S.C. § 5321(a)(5), accrued interest on such penalties, late payment penalties, and associated fees, plus further interest and statutory additions thereon as allowed by law from October 3, 2018 to the date of payment.

B. Enter judgment on Count II of this Complaint against Rosemarie Hidy and in favor of the United States in the amount of $56,300.01 as of October 3, 2018 for penalties assessed under 31 U.S.C. § 5321(a)(5), accrued interest on such penalties, late payment penalties, and associated fees, plus further interest and statutory additions thereon as allowed by law from October 3, 2018 to the date of payment.

C. Award the United States its costs incurred in connection with this action, along with such other relief that the Court deems proper.

Dated: November 13, 2018

                                      JOSEPH P. KELLY
                                      United States Attorney

                                      RICHARD E. ZUCKERMAN
                                      Principal Deputy Assistant Attorney General
                                      Tax Division

                                      */s/ Erin Healy Gallagher*
                                      ERIN HEALY GALLAGHER
                                      D.C. Bar Number: 985670
                                      Attorney for Plaintiff, United States of America
                                      U.S. Department of Justice, Tax Division
                                      Post Office Box 7238
                                      Washington, D.C. 20044
                                      Telephone: (202) 353-2452
                                      Fax: (202) 514-6770
                                      E-mail: erin.healygallagher@usdoj.gov